IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs February 21, 2020

## KIMBERLY JOHNSON DOUGHERTY v. M.E. BUCK DOUGHERTY

**Appeal from the Chancery Court for Fayette County**
**No. 17-531-PP      William C. Cole, Chancellor**

———————————————————

### No. W2020-00284-COA-T10B-CV

———————————————————

This is an interlocutory appeal as of right, pursuant to Rule 10B of the Rules of the Supreme Court of Tennessee, filed by M.E. Buck Dougherty ("Father"), seeking to recuse the trial judge in this case involving modification of a parenting plan. Having reviewed the petition for recusal appeal filed by Father we find that the order of the Chancery Court for Fayette County ("Trial Court") did not sufficiently comply with Rule 10B. We, therefore, vacate the Trial Court's January 30, 2020 order and remand this case to allow Father to amend his petition and for the Trial Court to either grant the motion or enter an order that states in writing all the grounds upon which the motion is denied.

**Tenn. Sup. Ct. R. 10B Interlocutory Appeal as of Right;**
**Judgment of the Chancery Court Vacated; Case Remanded**

D. MICHAEL SWINEY, C.J., delivered the opinion of the court, in which ANDY D. BENNETT and CARMA DENNIS MCGEE, JJ., joined.

Adam U. Holland and Chanse J. Hayes, Chattanooga, Tennessee, for the appellant, M. E. Buck Dougherty, III.

Lori Renee Holyfield, Memphis, Tennessee, for the appellee, Kimberly Johnson Dougherty.

### OPINION

Father and Kimberly Johnson Dougherty ("Mother") were divorced in June of 2018 by order of the Shelby County Chancery Court ("Shelby Court"). A Permanent Parenting Plan ("PPP") for the parties' three minor children ("the Children") was entered along with the divorce decree. The PPP provided for joint decision making as to

educational decisions and further provided that the Children would continue to attend Westminster Academy until each one graduated from high school. When the divorce decree was entered, Mother resided in Fayette County, Tennessee, and Father resided in Hamilton County, Tennessee. After entry of the divorce decree, Mother sought, and was granted, a transfer of the case to the Trial Court.

In April of 2019, Mother filed in the Trial Court a petition for civil contempt and to modify the PPP. Specifically, as pertinent, Mother sought to enroll the Children in Fayette Academy rather than Westminster Academy. Father filed a response and counter-petition to modify seeking to enroll the Children in the Signal Mountain, Tennessee public schools, where Father resided. Mother then filed an emergency motion to enroll the Children in Fayette Academy. Father responded, and Chancellor Cole of the Trial Court held a telephone hearing and denied Mother's emergency motion. Father continued to pay the tuition and enrollment fees for Westminster Academy to Mother as provided for in the PPP, including payments for May, June, and July of 2019. Father later learned that Mother had unilaterally withdrawn the Children from Westminster Academy and enrolled them in Fayette Academy.

A hearing was held on September 17, and 18, of 2019 on the petition and counter-petition. Mother called Father to the witness stand to testify. The central issue in dispute was where the Children would attend school. After Father testified, the matter was continued by Chancellor Cole.

Father filed a motion for recusal on January 21, 2020 seeking to recuse Chancellor Cole. Father alleged that the Fayette Court Clerk and Master, Amy King Anderson ("the Clerk"), had been texting a friend regarding Father's testimony and the custody dispute while Father was on the witness stand testifying. The Clerk's friend had some connection to Father's extended family. Father also alleged that the Clerk was affiliated in some capacity with Fayette Academy as either a current or former parent of students who attended that school. Father also alleged that when Mother learned of the Clerk's text, she stated to Father's counsel that she was relieved to know that the allegations of improper text messages did not involve her text messages.

Chancellor Cole denied the motion to recuse by order entered January 30, 2020. In the January 30, 2020 order, Chancellor Cole found that "neither the text nor the substance of the text" were made an exhibit or disclosed to the court, that during the hearing Father's counsel admitted that she had not seen the text, and that no allegation was made that the Clerk "rendered editorial comment" about Father's testimony as the only allegation was that someone's name was mentioned in the text. The January 30, 2020 order found that Father had failed to carry his burden that bias or prejudice existed or that the court was predisposed for or against either party, that Father's motion was statutorily deficient because it did not state it was not being presented for an improper

purpose[1], and that Father's affidavit showed that he knew of the text in September of 2019, but had not filed for recusal until January of 2020 when Mother sought hearing dates. The January 30, 2020 order stated: "While the Court recognizes that contemporaneous texting by court personnel is not desirable, by [Father's] admission the text only communicated a fact testified to in open court, no different than picking up the phone after work and telling a friend, 'Hey, your name was brought up in Court today…..[sic]were your ears burning?'"

After Chancellor Cole denied Father's motion to recuse, Father learned that Chancellor Cole had presided over a court reenactment during a class at Fayette Academy and that Chancellor Cole's wife is a faculty member at Fayette Academy. Father asserts that Chancellor Cole never disclosed to the parties that his wife is employed by Fayette Academy as a faculty member.

ANALYSIS

We have determined in this case after a review of the petition and supporting documents submitted with the petition that an answer, additional briefing, and oral argument are unnecessary to our disposition because the record provided by Father demonstrates error by the Trial Court Chancellor. *See* Tenn. Sup. Ct. R. 10B, § 2.05 ("If the appellate court, based upon its review of the petition for recusal appeal and supporting documents, determines that no answer from the other parties is needed, the court may act summarily on the appeal. Otherwise, the appellate court shall order that an answer to the petition be filed by the other parties. The court, in its discretion, also may order further briefing by the parties within the time period set by the court."); § 2.06 ("An accelerated interlocutory appeal shall be decided by the appellate court on an expedited basis. The appellate court's decision, in the court's discretion, may be made without oral argument.").

We review a trial court's ruling on a motion for recusal under a *de novo* standard of review with no presumption of correctness. Tenn. Sup. Ct. R. 10B § 2.01. "The party seeking recusal bears the burden of proof, and 'any alleged bias must arise from extrajudicial sources and not from events or observations during litigation of a case.'" *Neamtu v. Neamtu*, No. M2019-00409-COA-T10B-CV, 2019 WL 2849432, at *2 (Tenn. Ct. App. July 2, 2019), *no appl. perm. appeal filed*, (quoting *Williams by & through Rezba v. HealthSouth Rehab. Hosp. N.*, No. W2015-00639-COA-T10B-CV, 2015 WL 2258172, at *5 (Tenn. Ct. App. May 8, 2015), *no appl. perm. appeal filed*). When dealing with a Rule 10B appeal, the only order this Court may review is the trial court's order denying recusal. *Duke v. Duke*, 398 S.W.3d 665, 668 (Tenn. Ct. App. 2012).

---

[1] The Trial Court's order notes that Father's motion to recuse did not comply with Rule 10B because it did not state it was not being presented for an improper purpose. However, as the Trial Court decided the motion on its merits, we approach this appeal in the same manner.

- 3 -

Pursuant to Rule10B: "Upon the filing of a motion pursuant to section 1.01, the judge shall act promptly by written order and either grant or deny the motion. If the motion is denied, the judge shall state in writing the grounds upon which he or she denies the motion." Tenn. Sup. Ct. R. 10B § 1.03.

In his petition, Father alleges that the Trial Court's January 30, 2020 order fails to comply with Rule 10B because it fails to address and make specific findings relative to Father's allegations. After reviewing the petition for recusal and the supporting documents, we agree. The January 30, 2020 order does not make specific findings about the text allegedly sent by the Trial Court's Clerk while Father was testifying. Instead, the Trial Court simply "recognizes that contemporaneous texting by court personnel is not desirable," and likens the alleged text to being "no different than picking up the phone after work and telling a friend, 'Hey, your name was brought up in Court today….. [sic] were your ears burning?'" The Trial Court further failed to make any findings whatsoever about the allegations that the Clerk has an affiliation with Fayette Academy, which is particularly relevant given that the major dispute in this case involves whether the minor children will attend Fayette Academy or not.

As for Father's allegations on appeal with regard to the fact that Chancellor Cole presided over a court reenactment during a class at Fayette Academy, that Chancellor Cole's wife is a faculty member at Fayette Academy, and that Chancellor Cole never disclosed to the parties that his wife is employed by Fayette Academy as a faculty member, we find that these allegations were not presented to the Trial Court. Issues may not be raised for the first time on appeal. *Powell v. Community Health Sys., Inc.*, 312 S.W.3d 496, 511 (Tenn. 2010). Chancellor Cole first must be allowed under Rule 10B to decide whether to grant or deny a motion to recuse on all the grounds raised by the movant.

As we have determined that Chancellor Cole made insufficient findings as to his reasoning for denying the motion to recuse as required by Rule 10B, § 1.03, we vacate the Trial Court's January 30, 2020 order. This case is remanded to the Trial Court to allow Father to amend his motion to comply with Rule 10B and to allege the facts discovered after his motion to recuse was denied, in order to allow the Trial Court to make specific findings and rule upon all of the allegations and either grant the motion or state in writing all the grounds upon which the motion is denied.

_____
D. MICHAEL SWINEY, CHIEF
JUDGE